IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HARLEYSVILLE MUTUAL )
INSURANCE COMPANY, )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )        Case Number: 3:05CV469-C
                                              )
GRADY'S TIRE & AUTO SERVICE,                  )
INC., KENNETH LAMAR HUBBARD; )
NELDA SHAW, individually and as the )
surviving wife and Administrator of the )
Estate of LEWIS CLENTON SHAW,                 )
deceased,                                     )
                                              )
        Defendants.                           )

## COMPLAINT

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1.      The plaintiff, Harleysville Mutual Insurance Company ("Harleysville"), is an

insurance company incorporated and organized under the laws of the state of Pennsylvania,

having its principal place of business in the state of Pennsylvania.

2.      The defendant, Grady's Tire & Auto Service ("Grady's"), is a corporation

incorporated and organized under the laws of the state of Alabama, having its principal place

of business in the state of Alabama.  It is a defendant in a underlying state court case.

-1-

3.     The defendant, Kenneth Lamar Hubbard ("Hubbard"), is an individual over the age of 19 years and is a resident citizen of the state of Alabama. He is a defendant in an underlying state court case.

4.     The defendant, Nelda Shaw ("Shaw"), is an individual over the age of 19 years and is a resident citizen of the state of Alabama. She is the plaintiff in an underlying state court case.

5.     The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Shaw is seeking an unspecified amount of compensatory and punitive damages as a result of the death of her husband, Lewis Clenton Shaw, as a result of an assault.

6.     Jurisdiction is predicated on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332, and on the Declaratory Judgment Act, 29 U.S.C. §2201.

## UNDERLYING LAWSUIT

7.     Shaw filed a complaint on July 29, 2004. The complaint is styled <u>Nelda Shaw vs. Grady's Tire & Auto Service, Inc., et al.</u>, in the Circuit Court of Lee County, Alabama,

civil action number CV-04-520. A copy of the complaint is attached as Exhibit "A" and incorporated by reference.

8.    Lewis Clenton Shaw was employed at Grady's Tire & Auto Service in Lee County, Alabama. He was assaulted by Hubbard while at work on July 30, 2002 and subsequently died.

9.    The complaint seeks damages in Count I against Hubbard for his willful conduct by striking Lewis Clenton Shaw in the head with a baseball bat, resulting in his death.

10.    The complaint seeks damages in Count II against Grady's for worker's compensation benefits. It seeks damages in Count III from Grady's for its failure to provide a safe work place to Lewis Clenton Shaw and seeks damages in count IV for Grady's negligent hiring and supervision of Hubbard.

## POLICY PROVISIONS

11.    Harleysville issued a garage owners policy to Grady's which was in effect from November 1, 2002 to November 1, 2002. The policy number was G0-7E64580. A copy of the policy is attached as Exhibit "B" and incorporated by reference.

-3-

12.     Harleysville also issued an umbrella policy to Grady's. It was in effect from November 1, 2001 to November 1, 2002. The policy number was BE-7E6450. A copy of the policy is attached as Exhibit "C" and incorporated by reference.

13.     The garage owners policy provided liability coverage under form CA 00 05(10/01). The insuring agreement for that form provided in part as follows:

### SECTION II - LIABILITY COVERAGE

**A.     Coverage**

    **1.     "Garage Operations" - Other Than Covered "Autos"**

        **a.**     We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

    **2.     "Garage Operations" - Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from

"garage operations" involving the ownership, maintenance or
use of covered "autos".

14.    The term "accident" was defined in definition A to generally mean a
continuous or repeated exposure to the same conditions resulting in bodily injury or property
damage. The term "garage operations" was defined in definition H as follows:

H.    "Garage ownership" means the ownership, maintenance
or use of locations for garage business and that portion of the
roads or other accesses that adjoin these locations. "Garage
operations" includes the ownership, maintenance or use of the
"autos" indicated in Section I of this Coverage Form as covered
"autos". "Garage operations" also include all operations
necessary or incidental to a garage business.

15.    The policy excluded coverage for expected or intended injuries, worker's
compensation benefits, bodily injury to an employee, and bodily injury to a fellow employee.
Those exclusions provided:

**B.    Exclusions**

This insurance does not apply to any of the following:

1.    "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".  But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2.    **Worker's Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

3.    **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a.    An "employee" of the "insured" arising out of and in the course of:

(1)    Employment by the "insured"; or

(2)    Performing the duties related to the conduct of the "insured's" business; or

**b.**   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

**c.**   A person arising out of any:

    **(1)**   Refusal to employ that person;

    **(2)**   Termination of that person's employment; or

    **(3)**   Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.**   The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (1), (2) or (3) above are directed.

This exclusion applies:

    **(1)**   Whether the "insured" may be liable as an employer or in any other capacity; and

    **(2)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a work performed principally in connection with a residence premises.

**5.    Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

16.    The umbrella policy provided liability coverage under form PT-0410(9/97). The insuring agreement for that coverage provided:

**SECTION 1 - COVERAGE A AND COVERAGE B**

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.

1.    **INSURING AGREEMENT**

We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of:

a.    "Bodily injury" or "property damage" covered by this policy and caused by an "occurrence" which occurs during the policy period.

17.    The umbrella policy excluded coverage for expected or intended injuries, worker's compensation benefits, and employment-related practices. Those exclusions provided as follows:

**EXCLUSIONS**

This insurance does not apply to:

a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

**b.    Laws**

Any liability or obligation of the insured under any of the following laws:

**(1)**    Any workers' compensation or similar law, however, this exclusion does not apply to liability of others assumed by you under any valid contract in existence at the time of "occurrence";

**(2)**    Any unemployment compensation, disabiliyt benefits, or similar law;

**(3)**    Any unfair trade practices or similar law; or

**(4)**    Any uninsured motorist, underinsured motorist, automobile no-faulty or first party personal injury law.

**c.    Employment Related Practices**

Any liability, defense costs, fines or damages arising out of any employment related practices, policies, acts or omissions, including but not limited to:

**(1)**    Refusal to employ;

**(2)**    Termination of employment;

-10-

(3)    Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination; or

(4)    Consequential "bodily injury" or "personal injury" as a result of any of the above.

This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation of the insured to share damages with your to repay someone else who must pay damages because of the injury.

18.    The insured under the umbrella policy includes Grady's employees but only while acting within the scope of their duties. Here, Hubbard's assault did not occur while he was acting within the scope of his duties for Grady's. Further, no person is an insured for an injury to a fellow employee unless insurance is afforded under the underlying coverage. Here, the underlying policy also excluded injuries to a fellow employee.

19.    The umbrella policy had an employer's liability exclusion under endorsement BC-7189(9/97). That exclusion providing:

## EMPLOYER'S LIABILITY EXCLUSION

This insurance does not apply to any liability for "bodily injury" sustained by:

**1.**     An "employee" of yours arising out of and in the course of employment by you; or

**2.**     The spouse, child, parent, brother or sister of that "employee" as a consequence of 1 above.

This exclusion applies:

**1.**     Whether you may be liable as an employers or in any other capacity; and

**2.**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.


## JUSTICIABLE CONTROVERSY


20.     Harleysville contends that Grady's and Hubbard are not entitled to coverage for the allegations of the complaint against them.  The assault did not arise out of Grady's garage operations.

21.    Further, coverage is excluded for expected or intended injuries, worker's compensation benefits, bodily injury to an employee, and injury to a fellow employee.

22.    There is a justiciable controversy which requires the court to declare the rights, remedies, obligations, and liabilities of the parties under the Harleysville policy.

## REQUESTED RELIEF

Wherefore, the premises considered, Harleysville requests the court to grant the following relief:

A.    Declare that Harleysville does not have a duty to defend Grady's or Hubbard for the allegations of the complaint filed against them;

B.    Declare that Harleysville does not have a duty to indemnify Grady's or Hubbard for the allegations of the complaint against them; and

C.    Grant Harleysville such other or different relief to which it may be entitled in this case.

-13-

R. Larry Bradford, Attorney for Plaintiff,
Harleysville Mutual Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford Law Firm, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

-14-

## CERTIFICATE OF SERVICE

I hereby certify that I have this the _18_ day of May, 2005, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Davis L. Middlemas, Esq.
Hebson, Liddon & Slate
3120 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203

_____
OF COUNSEL

## SERVED DEFENDANTS BY CERTIFIED MAIL:

Grady's Tire & Auto Services, Inc.
1212 1st Avenue
Opelika, Alabama 36801

Mr. Kenneth Lamar Hubbard
c/o Draper Correctional Facility
P.O. Box 1107
Elmore, Alabama 36025