# EXHIBIT A

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

NELDA SHAW; NELDA SHAW as )
surviving wife and Administrator )
of the Estate of LEWIS CLENTON )
SHAW, deceased )
)
    Plaintiff, )
)
v. )    CIVIL ACTION NO.:
)
)    CV04-520
GRADY'S TIRE AND AUTO SERVICE, )
INC.; KENNETH LAMAR )
HUBBARD; AND THOSE OTHER )    FILED
PERSONS, CORPORATIONS AND LEGAL )
ENTITIES DESIGNATED HEREIN )    JUL 29 2004
AS FICTITIOUS PARTIES; )
)    IN OFFICE
)    CORINNE T. HURST
)    CIRCUIT CLERK

No. 1, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who was the employer of Lewis Clenton Shaw on the date of the incident made the basis of this lawsuit.

No. 2, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for supervising Lewis Clenton Shaw, on the occasion of the incident made the basis of this lawsuit;

No. 3, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for making corporate decisions at Grady's Tire and Auto Service, Inc., on the occasion of the incident made the basis of this lawsuit;

No. 4, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the management and operation of Grady's Tire and Auto Service, Inc., on the occasion of the incident made the basis of this lawsuit;

No. 5, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for providing any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein;

No. 6, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the successor in interest of any of those entities described herein;

No. 7, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the predecessor entity of any of those entities described herein;

No. 8, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose wrongful conduct contributed to cause the incident made the basis of this lawsuit;

No. 9, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the plaintiff on the occasion of the incident made the basis of this lawsuit;

No. 10, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who was the employer of Lewis Clenton Shaw on the date of the incident made the basis of this lawsuit.

No. 11, whether singular or plural, plaintiff hereby intends to designate that person, firm, corporation or other legal entity who was responsible for the hiring of Kenneth Lamar Hubbard by defendant Grady Tire and Auto Service, Inc;

No. 12, whether or singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who was responsible for supervising Kenneth Lamar Hubbard and other employees of Grady Tire and Auto Service, Inc., on the date of the incident made the basis of this lawsuit;

No. 13, whether or singular or plural, plaintiff hereby intending to designate both persons or entities who failed to properly supervise Kenneth Lamar Hubbard on the date of the incident made the basis of this suit and in the weeks and months preceeding the incident made the basis of this suit;

No. 14, whether singular or plural, plaintiff hereby intending to designate those persons, managers, and/or supervisors who failed to act to remove or fire Kenneth Lamar Hubbard despite repeated warnings about his behavior in the weeks or months proceeding the incident made the basis of this suit;

No. 15, whether singular or plural, plaintiff hereby intending to designate those persons, or entities who failed to take such action that would have prevented the incident made the basis of this suit;

No. 16, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who was responsible for the hiring of Kenneth Lamar Hubbard at Grady's Tire and Auto Service, Inc.;

No. 17, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose action or inaction resulted in the injuries and death of Lewis Clenton Shaw;

Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to plaintiff at this time or, if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

**Defendants.**

## COMPLAINT

## COUNT ONE

1. On or about July 30, 2002, Lewis Clenton Shaw, was employed at Grady's Tire and Auto Service in Opelika, Lee County, Alabama.

2

2. On said date, a fellow employee of Lewis Clenton Shaw's, defendant Kenneth Lamar Hubbard, struck Lewis Clenton Shaw in the head with a baseball bat resulting, on August 3, 2002, in the death of Lewis Clenton Shaw. The incident occurred while Lewis Clenton Shaw and Kenneth Lamar Hubbard were acting within their employment with Grady's Tire and Auto Service, Inc.

3. The actions by defendant Kenneth Lamar Hubbard constituted "willful conduct" as such is defined pursuant to Alabama Code Section 25-5-11 (c)(1). The willful conduct of defendant Hubbard against Lewis Clenton Shaw resulted in the injury and death of Lewis Clenton Shaw.

4. The actions taken by defendant Kenneth Lamar Hubbard in violation of Alabama Code Section 25-5-11(c)(1) caused Lewis Clenton Shaw to be severely injured, then hospitalized for said injuries and ultimately resulted in the death of Lewis Clenton Shaw.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nelda Shaw, as administrative of the Estate of Lewis Clenton Shaw demands compensatory and punitive damages in an amount to be assessed by a jury, together with interests and costs.

## COUNT II

5. Plaintiff adopts paragraphs one through four and incorporates same as if fully set out herein. At the time of his injury, Lewis Clenton Shaw was acting in the line and scope of, and in the course of, his duties with defendant Grady's Tire and Auto Service, Inc.

6. The injury sustained by Lewis Clenton Shaw arose out of his employment with defendant Grady's Tire and Auto Service, Inc.

7. The Plaintiff, Nelda Shaw, as surviving wife of Lewis Clenton Shaw and as administrator of the Estate of Lewis Clenton Shaw is entitled to death benefits pursuant to the Alabama Workers' Compensation Code.

8. The Plaintiff, Nelda Shaw, is entitled to receive those benefits which are contemplated by the Alabama Workers' compensation Code under Section 25-5-60 and subsequent sections.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for such benefits from the defendants as she is entitled to receive under the Workers' Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to defendant of the filing hereof as required by law, and that upon a final submission, this Court award to Plaintiff workers' compensation benefits as allowed by law, plus costs of this action.

## COUNT III

9. Plaintiff adopts, and incorporates by reference, paragraphs one through eight.

10. That the defendant, Grady's Tire and Auto Service, Inc., had been provided numerous warnings concerning the violent nature of defendant Kenneth Lamar Hubbard.

11. That said warnings from various employees of Grady's Tire and Auto Service, Inc., included cautions and recommendations that defendant Kenneth Lamar Hubbard was causing a problem in the workplace and was a danger to others, particularly Lewis Clenton Shaw. The warnings included recommendations that defendant Kenneth Lamar Hubbard be fired from his employment with Grady's Tire and Auto Service, Inc.

12. That despite those warnings defendant Grady's Tire and Auto Service, Inc. took no action to attempt to prevent dangerous actions by defendant Kenneth Lamar Hubbard. There was a failure by defendant Grady's Tire and Auto Service, Inc., to take necessary steps to prevent injury by defendant Grady's Tire Auto Service, Inc. and there was a failure to maintain a safe workplace by defendant Grady's Tire and Auto Service, Inc.

13. The failure to take action to prevent injury and the failure to take certain safety steps and to promulgate certain rules of safety and the failure to maintain a safe workplace resulted in injury and death to Lewis Clenton Shaw.

14. The injury and death to Lewis Clenton Shaw resulted in extreme mental anguish and emotional distress to Nelda Shaw.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nelda Shaw, individually and as administrator of the Estate of Lewis Clenton Shaw, demands of the defendants compensatory and punitive damages in an amount to be assessed by a jury together with interest and costs.

## COUNT IV

9. Plaintiff adopts and incorporates by reference paragraphs one through fourteen.

10. That defendant Grady's Tire and Auto Service, Inc. negligently hired and negligently failed to properly supervise defendant Kenneth Lamar Hubbard.

11. The negligent hiring and supervision of defendant Kenneth Lamar Hubbard by defendant Grady's Tire and Auto Service, Inc. despite repeated warnings to defendant Grady's, resulted in injury and death to Lewis Clenton Shaw.

12. The injury and death to Lewis Clenton Shaw caused Nelda Shaw to undergo extreme mental anguish and emotional distress.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nelda Shaw, individually and as administrator of the Estate of Lewis Clenton Shaw, demands of the defendants compensatory and punitive damages in an amount to be assessed by a jury together with interest and costs.

*Nelda Shaw*
Nelda Shaw, Individually and as
Administrator of the Estate of Clenton Lewis
Shaw

STATE OF ALABAMA )
LEE COUNTY )

I, a notary public, in and for said State and County, hereby certify that NELDA SHAW has signed her name to the foregoing and has acknowledged before me that the information contained herein is true and accurate, to her best information and belief.

This the 29th day of July, 2004.

*Angel F. Trammell*
Notary Public
My commission expires: 9/24/05

*Davis Middlemas*
DAVIS MIDDLEMAS (MID007)
Hebson & Slate
3120 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Phone: (205) 322-2022
Fax: (205) 322-3811

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON COUNTS I, III and, IV OF HER COMPLAINT**

Davis L. Middlemas

6

**PLAINTIFF'S ADDRESS:**
Nelda Shaw
8130 Lee Road 166
Opelika, Alabama 36804

**SERVE DEFENDANTS BY CERTIFIED MAIL:**
Grady's Tire and Auto Service, Inc.
Manager
1212 1st Avenue
Opelika, AL  36801-5604

Kenneth Lamar Hubbard
c/o Draper Correctional Facility
PO Box 1107
Elmore, AL 36025