IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GRADY'S TIRE & AUTO SERVICE,<br>INC., KENNETH LAMAR HUBBARD,<br>NELDA SHAW, individually and as the<br>Surviving wife and Administrator of the<br>Estate of LEWIS CLENTON SHAW,<br>deceased,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case Number: 3:05 CV 469-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT GRADY'S TIRE & AUTO SERVICE, INC.'S ANSWER TO COMPLAINT**

Comes now the Defendant Grady's Tire & Auto Service, Inc. (hereinafter, "Grady's"), by and through undersigned counsel, and answers the Complaint filed by the Plaintiff Harleysville Mutual Insurance Company (hereinafter, "Harleysville") in this matter as follows:

PARTIES AND JURISDICTIONAL ALLEGATIONS

1.   The allegations of paragraph 1 are denied, in that Grady's does not have sufficient information to admit or deny the allegations.

2.   Grady's admits that it is an Alabama corporation with its principal place of business in Alabama. Grady's admits that it is a defendant in an underlying state court case in

the Circuit Court of Lee County, Alabama, Civil Action Number CV-04-520 (hereinafter, the "underlying lawsuit").

3. Grady's admits that Kenneth Lamar Hubbard is over the age of 19 and is a defendant in the underlying lawsuit. The remaining allegations of paragraph 3 are denied, in that Grady's does not have sufficient information to admit or deny the allegations.

4. Grady's admits that Nelda Shaw is over the age of 19 and is the plaintiff in the underlying lawsuit. The allegations of paragraph 4 are denied, in that Grady's does not have sufficient information to admit or deny the allegations.

5. Grady's admits that Harleysville alleges that damages in this action exceed the sum of $75,000, but Grady's denies that the plaintiff in the underlying lawsuit is entitled to a judgment against Grady's or to any damages or any other relief from Grady's.

6. The allegations of paragraph 6 are denied, in that Grady's does not have sufficient information to admit or deny the allegations concerning the Plaintiff's citizenship.

## UNDERLYING LAWSUIT

7. Admitted.

8. Admitted.

9. Grady's admits that paragraph 9 correctly characterizes the allegations contained in Count I of the Complaint in the underlying lawsuit. Grady's denies any liability arising out of the allegations contained in paragraph 9 of this Complaint or contained in Count I of the

Complaint in the underlying lawsuit. Count I of the Complaint in the underlying lawsuit is not directed against Grady's.

10. Grady's admits that paragraph 10 correctly characterizes the allegations contained in Counts II, III, and IV of the Complaint in the underlying lawsuit. Grady's denies any liability arising out of the allegations contained in paragraph 10 of this Complaint or contained in Counts II, III, and IV of the Complaint in the underlying lawsuit.

POLICY PROVISIONS

11. The allegations of paragraph 11 are denied, in that the correct policy term was from November 1, 2001 to November 1, 2002. Furthermore, the correct policy number is GO7E6450.

12. Admitted.

13. Grady's admits that the provisions quoted in paragraph 13 are quoted correctly. However, Grady's states that these provisions are only a portion of the entire policy, which is a written document that speaks for itself.

14. Grady's admits that the provisions quoted in paragraph 14 are quoted correctly. However, Grady's states that these provisions are only a portion of the entire policy, which is a written document that speaks for itself.

15. The summary of the insurance policy's exclusions in paragraph 15 is denied, in that the insurance policy is a written document which speaks for itself. Grady's admits that the provisions quoted in paragraph 15 are quoted correctly. However, Grady's states that these

provisions are only a portion of the entire policy, which is a written document that speaks for itself.

16. Grady's admits that the provisions quoted in paragraph 16 are quoted correctly. However, Grady's states that these provisions are only a portion of the entire policy, which is a written document that speaks for itself.

17. The summary of the insurance policy's exclusions in paragraph 17 is denied, in that the insurance policy is a written document which speaks for itself. Grady's admits that the provisions quoted in paragraph 17 are quoted correctly. However, Grady's states that these provisions are only a portion of the entire policy, which is a written document that speaks for itself.

18. The summary of the insurance policy's provisions in paragraph 18 is denied, in that the insurance policy is a written document which speaks for itself. Grady's submits that it is entitled to coverage under the facts and circumstances of this case. Grady's reserves the right to amend or supplement its response to this allegation pending further investigation and discovery.

19. Grady's admits that the provisions quoted in paragraph 19 are quoted correctly. However, Grady's states that these provisions are only a portion of the entire policy, which is a written document that speaks for itself.

## JUSTICIABLE CONTROVERSY

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

## REQUESTED RELIEF

(A) Grady's denies that Harleysville is entitled to any declaration of any kind as to Grady's and avers, instead, that Grady's is entitled to a declaration that Harleysville does have a duty to defend Grady's for the allegations of the Complaint filed against it in the underlying lawsuit;

(B) Grady's denies that Harleysville is entitled to any declaration of any kind as to Grady's and avers, instead, that Grady's is entitled to a declaration that Harleysville does have a duty to indemnify Grady's for the allegations of the Complaint filed against it in the underlying lawsuit; and

(C) Grady's denies that Harleysville is entitled to any other relief.

## FIRST AFFIRMATIVE DEFENSE

23. Grady's states that Harleysville is obligated to defend Grady's for the allegations of the Complaint filed against it in the underlying lawsuit.

## SECOND AFFIRMATIVE DEFENSE

24. Grady's states that Harleysville is obligated to indemnify Grady's for the allegations of the Complaint filed against it in the underlying lawsuit.

## THIRD AFFIRMATIVE DEFENSE

25. Grady's pleads all applicable terms, provisions, and conditions in the insurance policy.

## FOURTH AFFIRMATIVE DEFENSE

26. Except as expressly admitted herein, Grady's denies all allegations contained in Harleysville's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

27. Grady's reserves the right to amend its Answer or to supplement its Answer with additional, other, or different defenses.

        /s/ Stanley A. Martin
        Stanley A. Martin (MAR049)
        S. Allen Martin, Jr. (MAR149)
        Attorneys for Defendant
        Grady's Tire & Auto Service, Inc.

Post Office Box 2526
Opelika, Alabama  36803-2526
(334) 749-4142
(334) 749-4131 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Defendant Grady's Tire & Auto Service, Inc.'s Answer to Complaint upon the following counsel of record, by sending by facsimile and by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

    Honorable R. Larry Bradford
    Bradford Law Firm, P.C.
    2020 Canyon Road, Suite 100
    Birmingham, AL  35216
    FAX:  (205) 871-7387

    Honorable Davis Middlemas
    Hebson, Liddon & Slate
    3120 AmSouth/Harbert Plaza
    1901 Sixth Avenue North
    Birmingham, AL  35203
    FAX:  (205) 322-3811
    Attorney for Nelda Shaw

This 14th day of June, 2005.

                                        /s/ Stanley A. Martin
                                        Stanley A. Martin.