IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRADY'S TIRE & AUTO SERVICE, )<br>INC., KENNETH LAMAR HUBBARD; )<br>NELDA SHAW, individually and as the )<br>surviving wife and Administrator of the )<br>Estate of LEWIS CLENTON SHAW, )<br>deceased, )<br>)<br>Defendants. ) | Case Number: 3:05 CV 469-MHT-CSC |

## **MOTION FOR ENTRY OF DEFAULT**

Comes now the plaintiff, Harleysville Mutual Insurance Company ("Harleysville"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, and moves the court to enter a default judgment against the defendant, Kenneth Lamar Hubbard ("Hubbard"), based upon his failure to plead or otherwise defend this case. In support of the motion, Harleysville shows unto the court the following:

1. Hubbard killed Lewis Clenton Shaw by striking him in the head with a baseball on August 3, 2002. They were both employed by Grady's Tire & Auto Service ("G&T") at the time of the altercation.

-1-

2. Shaw's personal representative filed a complaint in state court against Grady's Tire and Hubbard. The state court granted a summary judgment in favor of Grady's Tire at a hearing on July 11, 2005. It dismissed the wrongful death action against it but maintained the worker's compensation claim. The worker's compensation claim is being defended under a separate policy issued to Grady's Tire.

3. Harleysville filed this declaratory judgment complaint, seeking a judicial determination whether it has a duty to defend or indemnify Grady's Tire and Hubbard as a result of the lawsuit filed by Shaw's personal representative. It provided a defense to Grady's Tire under a reservation of rights, but denied a defense to Hubbard.

4. Hubbard was indicted for murder as a result of the assault. He pled guilty on January 19, 2002 to that charge. He received a 25 year prison sentence and is still incarcerated at Draper Correctional Facility in Elmore, Alabama.

5. Harleysville issued a garage policy to Grady's Tire. The policy did not provide coverage for Hubbard for the underlying state court case against him because, among other things, the assault did not arise out of an "accident" as that term was defend in the garage policy. Further, the policy excluded coverage for expected or intended injuries in Exclusion B1 and excluded coverage for bodily injury to any fellow employee of the insured in Exclusion B5. Similar exclusions were in the umbrella policy.

6. Hubbard was served on May 25, 2005. He has not filed an answer to the complaint. He is not an infant or an incompetent person.


7. Harleysville is attaching the affidavit of its attorney in support of this motion.

*[signature]*
R. Larry Bradford, Attorney for Plaintiff,
Harleysville Mutual Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford Law Firm, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __11__ day of August, 2005, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Davis L. Middlemas, Esq.
Hebson, Liddon & Slate
3120 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203

Stanley A. Martin, Esq.
P.O. Box 2526
Opelika, Alabama 36803-2526

*[signature]*
OF COUNSEL

-3-