IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GRADY'S TIRE & AUTO SERVICE,  )<br>INC., KENNETH LAMAR HUBBARD;  )<br>NELDA SHAW, individually and as the  )<br>surviving wife and Administrator of the  )<br>Estate of LEWIS CLENTON SHAW,  )<br>deceased,  )<br>)<br>Defendants.  ) | Case Number: 3:05 CV 469-T<br>(WO) |

## **ORDER**

THIS CAUSE coming on the motions for entry of default filed by the plaintiff, Harleysville Mutual Insurance Company ("Harleysville"), and the court, having considered the motions and prior pleadings in this case, makes the following findings of facts and conclusions of law:

1.  Harleysville filed this declaratory judgment complaint, requesting a judicial determination that it did not have a duty to defend or indemnify Grady's Tire & Auto Service, Inc. ("Grady's Tire") and Kenneth Lamar Hubbard ("Hubbard") for the allegations of a underlying state court filed against them as a result of the death of Lewis Clinton Shaw.

2.  Grady's Tire was granted a summary judgment in the underlying state court case on July 11, 2005. The wrongful death action against it was dismissed and subsequently

the worker's compensation claim against it was dismissed.

3. This court then granted Harleysville's motion to dismiss Grady's Tire as a defendant based upon the rulings in state court. Grady's Tire consented to that dismissal.

4. Hubbard was indicted for murder as a result of the assault on Lewis Clinton Shaw. He plead guilty on January 19, 2002 to that charge and received a 25 year prison sentence. He is currently incarcerated at Draper Correctional Facility in Elmore County, Alabama.

5. Harleysville issued a garage policy to Grady's Tire. The policy did not provide coverage for Hubbard for the underlying state court case against him because, among other things, the assault did not arise out of a "accident" as that term was defined in the garage policy. Further the policy excluded coverage for expected or intended injuries in Exclusion B1 and excluded coverage for bodily injury to a fellow employee in Exclusion B5. Similar exclusions were contained in the umbrella policy.

6. Hubbard was served on May 25, 2005. He has not filed an answer to the complaint although this court entered an order on August 16, 2005 requiring him to show cause, if any, as to why Harleysville's motions for default should not be granted.

It is, therefore, ORDERED that Harleysville's motions for a default judgment against Kenneth Lamar Hubbard (Doc. nos. 11 & 17) are hereby granted, and it is further

ORDERED that Harleysville does not have a duty to defend or indemnify Hubbard for the allegations of the underlying state court lawsuit against him in that case styled, <u>Nelda Shaw individually and as the surviving wife and Administrator of the Estate of Lewis Clinton</u>

<u>Shaw, deceased vs. Grady's Tire & Auto Service, Inc.</u>, in the Circuit Court of Lee County, Alabama, civil action number CV-04-520, and it is further

    ORDERED that cost are taxed as paid.

    ORDERED this the 4th day of October, 2005.


                                          /s/ Myron H. Thompson
                                     United States District Judge